# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| EDRICE TAYLOR JONES, | : | |
|    Plaintiff, | : | |
| v. | : | CA 13-00501-KD-C |
| STEIN MART DEPARTMENT STORE,[1] | : | |
|    Defendant. | : | |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the complaint (Doc. 1), the motion to dismiss filed by defendant Stein Mart (Doc. 9; *see also* Doc. 10 (brief)), plaintiff's response in opposition (*see* Doc. 13), and the moving party's reply (Doc. 14). Upon consideration of the foregoing pleadings, the Magistrate Judge recommends that the Court **GRANT** the defendant's motion to dismiss.

## FACTUAL BACKGROUND

On May 16, 2013, Edrice Taylor Jones went to Stein Mart with her son to shop for outfits for her May 18, 2013 wedding. (Doc. 1, at 4.) After looking at numerous pieces of clothing and trying on a purple Roman-style jumper—which she had decided to accessorize—Jones was approached by two police officers. (*Id.*) The officers told Jones that the store's manager had called in a complaint about possible shoplifting and, more

---

[1] Hereinafter, the undersigned will refer to the defendant as simply "Stein Mart," particularly since its attorneys have informed the Court that the retail store's "correct legal name is Stein Mart, Inc." (*See, e.g.,* Doc. 9, at 1 n.1.)

specifically, informed the officers that plaintiff was acting suspiciously. (*See id.*)[2] The embarrassed Jones informed the officers that she had a job, was a valued customer of the store and was not stealing clothes; instead, she told the officers she was simply shopping for a wedding outfit. (*Id.*) When one of the officers told her to purchase the items of clothing she desired to purchase and leave the store, plaintiff attempted to open her purse to show the officers her Stein Mart Platinum Rewards credit card; however, the officer simply informed Jones that the store manager could ask anyone to leave the premises. (*See id.*) Jones began to cry, took the jumper off, and, due to her mistreatment, left the store without purchasing any items. (*Id.*at 2 & 4.)

Jones filed a Title VII charge of discrimination against Stein Mart—based on race and retaliation—with the Equal Employment Opportunity Commission ("EEOC") on June 8, 2013. (Doc. 10, Exhibit A, CHARGE OF DISCRIMINATION.) On July 16, 2013, the EEOC dismissed Jones's Title VII charge of discrimination based on the lack of an employer/employee relationship. (Doc. 10, Exhibit B.) That dismissal also notified Jones of her right to file suit within 90 days of her receipt of the notice. (*Id.*) Accordingly, on October 16, 2013, Jones initiated this action against Stein Mart alleging that she was discriminated against on account of her race, in violation of Title VII of the Civil Rights Act of 1964. (*See* Doc. 1.)

The defendant filed its motion to dismiss on January 30, 2014. (Doc. 9; *see also* Doc. 10.) The defendant contends that, as one of its customers, Jones cannot establish a Title VII claim inasmuch as such a claim requires that the plaintiff be either an employee or job applicant. (Doc. 9, at 1; *see also* Doc. 10, at 2-3.) In her response in opposition, Jones admits that she is not filing suit as an employee or job applicant;

---

[2] The police officers also wanted to know if Jones was with a group of people; she informed them that she was in the store with her son. (*Id.*)

2

rather, she contends she is filing suit "as a private citizen based upon the information furnished to [her] by the EEOC[.]" (Doc. 13, at 1.)

## **LEGAL CONCLUSIONS**

Defendant has filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Compare* Doc. 9 *with* Doc. 10.) Pursuant to Rule 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show facial plausibility. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct.1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, *supra*, 550 U.S. at 555, 127 S.Ct. at 1965, and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557, 127 S.Ct. at 1966 (second brackets in original). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, *supra*, 556 U.S. at 678, 129 S.Ct. at 1949.

In assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989). Indeed, courts must liberally construe a

*pro se* litigant's allegations and hold them to a less stringent standard than the allegations of an attorney contained in a formal pleading. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). However, courts do not have "license ... to rewrite an otherwise deficient pleading in order to sustain an action[.]" *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on their grounds by Iqbal, supra.*[3]

In this case, plaintiff has filed a complaint solely under Title VII of the Civil Rights Act of 1964. (Doc. 1.) 42 U.S.C. § 2000e-2(a)(1) makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" *Id.* The statute thus makes clear that for an individual to recover under Title VII, "[t]he establishment of an employment relationship is required[.]" *Reeves v. DSI Sec. Servs.*, 331 Fed.Appx. 659, 661 (11th Cir. Jun. 3, 2009)[4] (citing *Hishon v. King & Spalding*, 467 U.S. 69, 74, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984) and 42 U.S.C. § 2000e-2), *cert. denied*, 558 U.S. 992, 130 S.Ct. 507, 175 L.Ed.2d 349 (2009); *see Lewis v. Asplundh Tree Expert Co.*, 402 Fed.Appx. 454, 457 (11th Cir. Nov. 8, 2010) (noting that an "employer-employee relationship" is necessary to "trigger liability under Title VII."). In contrast, a "customer" or "guest" of a business cannot establish a claim for relief under Title VII

---

[3] *See also Randall v. Scott*, 610 F.3d 701, 709-710 (11th Cir. 2010) (observing *Iqbal's* overruling of *GJR Investments'* heightened pleading standard).

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

because "'only those plaintiffs who are "employees" may bring a Title VII suit.'" *Smith v. Eike*, 2012 WL 2373294, *2 (M.D. Ala. May 23, 2012) (quoting *Llampallas v. Mini-Circuits, Lab, Inc.*, 163F.3d 1236, 1242 (11th Cir. 1998)), *report and recommendation adopted by* 2012 WL 2368658 (M.D. Ala. Jun. 22, 2012).

Here, it is undisputed that Jones was a customer of Stein Mart on May 16, 2013, not an employee or job applicant; indeed, in her response in opposition, plaintiff admits as much (Doc. 13 ("This action by the defendant to have this case dismiss[ed] was based on me the plaintiff [] not being an employee of Stein Mart Department Store was correct but I was not filing as an employee; I was filing as a private citizen based upon the information furnished to me by the EEOC[.]")). Accordingly, it is recommended that Stein Mart's motion to dismiss be granted and that the Court dismiss, with prejudice, plaintiff's Title VII claim against Stein Mart.[5]

---

[5] Even if this Court was to read plaintiff's complaint as implicitly asserting a Title II "public accommodation" discrimination claim, *see Smith v, Eike, supra,* at *1 n. 1 ("Title II prohibits discrimination on the basis of race 'in any place of public accommodation[.]'"); *see also* 42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin."), dismissal is still appropriate. *See Jackson v. Waffle House, Inc.,* 413 F.Supp.2d 1338, 1361 (N.D. Ga. 2006) ("To establish a claim under § 2000a, a plaintiff must demonstrate that [s]he (1) is a member of a protected class, (2) attempted to contract for services and afford . . . . herself of the full benefits and enjoyment of a ***public accommodation***, (3) was denied the full benefits or enjoyment of a ***public accommodation***, and (4) such services were available to similarly situated persons outside . . . her protected class who received full benefits or were treated better." (emphasis supplied)). This is because a retail clothing store, like Stein Mart, is not a place of public accommodation, *Xuli Zhang v. Ross Store Inc.,* 2011 WL 8129471, *3 (E.D. Va. May 17, 2011) ("It is clear on the face of the statute that Ross, a clothing retail store, is not a place of public accommodation."); *see also, e.g., Brackens v. Big Lots, Inc.,* 2007 WL 208750**,** *3 (W.D. Tex. Jan. 24, 2007) ("Big Lots, a retail store that is not 'principally engaged in selling food for consumption on premises'. . ., is not covered by Title II."); *Fox v. Vitamin Cottage Natural Grocers,* 2006 WL 2308492, *7 (D. Colo. Aug. 9, 2006) ("Retail stores, food markets, and similar establishments were excluded from the Act for the policy reason that there was little, if any, discrimination in their operation."), and, therefore, it does not fall into one of the enumerated categories covered by the statute, *compare id. with* 42 U.S.C. § 2000a(b) ("Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations affect commerce, or if discrimination or segregation by it is supported by State action: (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests ...; (2) any restaurant, cafeteria, lunchroom, lunch counter, soda

## CONCLUSION

Based upon the foregoing, the Magistrate Judge recommends that the defendant's motion to dismiss plaintiff's complaint (Doc. 9) be **GRANTED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

---

fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station; (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.").

It is also noted that a plaintiff is entitled to injunctive relief only under § 2000a and "[t]o claim injunctive relief, a plaintiff must show a real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *Lester v. "B"ING the Best, Inc.*, 2010 WL 4942835, *6 (S.D. Fla. Nov. 30, 2010) (internal quotation marks omitted; citations omitted). Plaintiff's complaint contains absolutely no language which can be read liberally as an allegation that she is subject to an immediate threat of irreparable harm and, therefore, any implicit Title II claim would fail for this additional reason.

reference or refers to the briefing before the Magistrate Judge is not specific.

**DON**E this the 21st day of May, 2014.

                      s/WILLIAM E. CASSADY
                      **UNITED STATES MAGISTRATE JUDGE**